UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A. BOLTON,<br><br>        Plaintiff,<br><br>   v.<br><br>CITY OF BERKELEY, et al.,<br><br>        Defendants. | Case No. 4:17-cv-03913-KAW<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL; ORDER DENYING REQUEST TO CONTINUE ORDER DENYING APPLICATION TO PROCEED IFP WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 6 |

On July 12, 2017, Plaintiff A. Bolton's application to proceed *in forma pauperis* was denied with leave to amend because he did not include his full name. (Dkt. No. 5.) Plaintiff was given until July 28, 2017 to file an amended IFP application. *Id.* at 2. Plaintiff was advised that the failure to file an amended IFP application could result in his case being dismissed for failure to prosecute. *Id.*

On July 27, 2017, Plaintiff filed a motion for appointment of counsel and requested that the Court grant a 90 day extension to file the IFP application. (Pl.'s Mot., Dkt. No. 6.) Generally, there is no right to appointed counsel in a civil action. *See United States v. McQuade*, 579 F.2d 1180, 1181 (9th Cir. 1978). The Court, however, in its discretion, may appoint counsel under 28 U.S.C. § 1915(e)(1) if it finds that there are "exceptional circumstances." *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). When determining whether exceptional circumstances exist, the court evaluates the plaintiff's likelihood of success on the merits and the plaintiff's ability to articulate his or her claims in light of the complexity of the legal issues involved in the case. *Id.*

Here, Plaintiff requests appointed counsel because he has sought qualified legal counsel, but has been unsuccessful. (Pl.'s Mot. at 1.) There is no indication that he cannot articulate his

claims in light of the complexity of the legal issues involved in the case. *See id.* Accordingly, Plaintiff has not shown that exceptional circumstances warrant the appointment of counsel, and, as a result, his motion to appoint counsel is DENIED. If, in the future, the Court concludes it is necessary to appoint counsel to represent Plaintiff, it shall do so *sua sponte*. Nonetheless, the Court will again refer him to the Federal Pro Bono Project's Help Desk—a free service for pro se litigants—by calling (415) 782-8982. While the Help Desk does not provide legal representation, Plaintiff may benefit from the assistance of a licensed attorney, and appointments are available at various times throughout the week at the Oakland Courthouse.

Additionally, Plaintiff's request to continue the date by which the amended IFP application is due is DENIED. Plaintiff must either 1) file an amended IFP application with his full legal name; or 2) pay the filing fee of $400 and furnish the Court with his full legal name by **August 14, 2017**. Failure to do so may result in the dismissal of this case for failure to prosecute.

IT IS SO ORDERED.

Dated: August 4, 2017

_____
KANDIS A. WESTMORE
United States Magistrate Judge