UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A. BOLTON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF BERKELEY, et al.,<br><br>　　　　Defendants. | Case No. 4:17-cv-03913-KAW<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION; ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AS MOOT; ORDER TO SHOW CAUSE**<br><br>Re: Dkt. Nos. 8 & 9 |

On July 12, 2017, Plaintiff A. Bolton's application to proceed *in forma pauperis* was denied with leave to amend because he did not include his full name. (Dkt. No. 5.) Plaintiff was given until July 28, 2017 to file an amended IFP application. *Id.* at 2. Plaintiff was advised that the failure to file an amended IFP application could result in his case being dismissed for failure to prosecute. *Id.*

On July 27, 2017, Plaintiff filed a motion for appointment of counsel and requested that the Court grant a 90 day extension to file the IFP application. (Dkt. No. 6.) This request was denied on August 4, 2017, and Plaintiff was given until August 14, 2017 to file an amended IFP application. (Dkt. No. 7.) Also on August 4, 2017, Plaintiff filed a duplicative motion for appointment of counsel and requested a 90 day extension to file the IFP application. (Dkt. No. 8.) Since the Court already ruled on this motion, the duplicative motion is DENIED as moot.

On August 11, 2017, Plaintiff filed a motion for reconsideration of the Court's order denying his application to proceed *in forma pauperis* on the grounds that the case has "considerable needs." (Dkt. No. 9.) The Court DENIES the request for reconsideration, and notes that Plaintiff's IFP application is now delinquent.

Accordingly, Plaintiff is ORDERED TO SHOW CAUSE as to why he is repeatedly

violating the Court's order to furnish his legal first name and why he has not filed an amended IFP application. Plaintiff shall respond in writing to the order to show cause no later than **September 11, 2017**, and shall include his legal first name. Also by **September 11, 2017**, Plaintiff must either 1) separately file an amended IFP application with his full legal name; or 2) pay the filing fee of $400 and furnish the Court with his full legal name. The failure to timely and fully respond to the order to show cause and file an IFP application or pay the filing fee may result in the dismissal of this case for failure to prosecute.

The Court notes that Plaintiff has recently filed numerous lawsuits in federal court, and, to the undersigned's knowledge, refuses to fully identify himself in any of them. Anonymity is permitted only "in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). Generally, civil rights cases do not warrant anonymity. If Plaintiff has new facts or law that will meet the requirements for anonymity, however, he may file a motion for leave to file a motion for reconsideration as required by Civil Local Rule 7-9(a). Future motions for reconsideration filed without complying with Civil Local Rule 7-9 will not be considered by the Court.

Plaintiff is again directed to obtain assistance from the Federal Pro Bono Project's Help Desk—a free service for pro se litigants—by calling (415) 782-8982.

IT IS SO ORDERED.

Dated: August 25, 2017

KANDIS A. WESTMORE
United States Magistrate Judge